UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DON R. BUDD,

    Plaintiff,                              Hon. Paul L. Maloney

v.                                                 Case No. 1:23-cv-606

BRONSON HEALTHCARE GROUP, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff initiated this action June 9, 2023, against Bronson Healthcare Group, Michigan Attorney General Dana Nessel, and an unknown number of John and Jane Does. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 5), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

## ANALYSIS

    A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has

1

held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff alleges that "[t]his case arose from the Michigan Department of Civil Rights (MDCR) Settlement Agreement with the Bronson Healthcare [Group] and the Plaintiff signed in 2018." Plaintiff alleges that the MDCR "refuses to enforce" this settlement agreement which constitutes a violation of his rights under the Americans

2

with Disabilities Act (ADA) and the Rehabilitation Act. Plaintiff's claims fail for at least two reasons.

First, Plaintiff has failed to allege sufficient *facts*, which if proven, establish a violation of the ADA or the Rehabilitation Act. Plaintiff's repeated assertion that his rights have been violated is insufficient as Plaintiff must allege facts not merely advance unsupported legal conclusions. Second, to the extent Plaintiff seeks to have this Court enforce the settlement agreement Plaintiff entered into with the MDCR and/or Bronson Healthcare Group, Plaintiff has failed to demonstrate that the Court has jurisdiction over such claim. Any action to enforce this settlement agreement would constitute a state law breach of contract claim between non-diverse defendants. *See* 28 U.S.C. § 1332. As such, neither federal question nor diversity jurisdiction exists to resolve any claim to enforce the settlement agreement. Accordingly, the undersigned recommends that Plaintiff's action be dismissed.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned recommends that an appeal of this matter such would be frivolous and not in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                             Respectfully submitted,

Date: June 20, 2023                                    /s/ Phillip J. Green
                                                             PHILLIP J. GREEN
                                                             United States Magistrate Judge